The document below is hereby signed.

Signed: February 06, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
RONALD L. HIGHSMITH,               )      Case No. 09-00707
                                   )      (Chapter 13)
              Debtor.              )      **Not for Publication in**
                                   )      **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DISMISSING MOTION
TO STRIP OFF WHOLLY UNSECURED SECOND MORTGAGE PURSUANT
TO 11 U.S.C. SECTION 506(a) AND 11 U.S.C. SECTION 1322(b)(2)

A request to avoid a lien based on the property being

encumbered by prior liens that exceed the value of the property

necessarily entails a determination of priority of liens and

requires an adversary proceeding under Fed. R. Bankr. P. 7001 and

may not (without consent of the creditor) be pursued by way of a

motion to determine the value of the claim under Fed. R. Bankr.

P. 3012.  *In re Chukes*, 305 B.R. 744 (Bankr. D.D.C. 2004).

Accordingly, the debtor's motion to strip off a creditor's

allegedly junior lien must be dismissed.

The odd twist that gives me pause is that the creditor here

holds both liens on the property.  It has not, however, responded

to the motion such as to waive the requirement of an adversary

proceeding.  The record in other proceedings in this case is not clear whether the creditor concedes that its smaller lien (the one the creditor seeks to avoid) is the junior lien, and even if it were, the creditor would be entitled in an adversary proceeding to withdraw that concession or to show that the amount owed on the senior lien is less than it previously asserted.

Moreover, the court has granted relief from the automatic stay to permit foreclosure by the creditor as to both liens.  If the foreclosure sale produces enough to pay (or to partially pay) only one of the liens, the debtor can then object to the claim secured by the other lien on the basis that there no longer is any collateral securing the claim.

In light of the foregoing, it is

ORDERED that the debtor's Motion to Strip Off Wholly Unsecured Second Mortgage (Dkt. No. 43) is DISMISSED.


                                    [Signed and dated above.]


Copies to: Debtor; Debtor's attorney; Office of United States Trustee; Chapter 13 trustee;

Sharonview Federal Credit Union
c/o Joel Aronson, Esq.
Lerch, Early & Brewer, Chtd
3 Bethesda Metro Center, Suite 460
Bethesda, MD 20814

O:\TESS\Order Forms\Highsmith Order Dismissing Motion to Strip Off_v2.wpd